# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 25-5184 PA | Date | June 10, 2025 |
|---|---|---|---|
| Title | M.G.L. v. Pamela Bondi, et al. | | |

Present: The Honorable **PERCY ANDERSON, UNITED STATES DISTRICT JUDGE**

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS — COURT ORDER

Before the Court is a "Request for Temporary Restraining Order" filed by plaintiff M.G.L. a, minor ("Plaintiff"). (Docket No. 1 ("TRO Motion").) For the reasons set forth below, Plaintiff's TRO Motion is denied without prejudice.

## I.     Background

On June 6, 2025, Plaintiff initiated this action against defendants Pamela Bondi, Kristi Noem, Todd Lyons, Houston Field Office Director, U.S. Immigration and Customs Enforcement ("ICE"), Los Angeles Field Office Director, U.S. ICE, Director, Homeland Security Investigations, and Director, Office of Refugee Resettlement (collectively "Defendants"). According to the Complaint, Plaintiff was taken into custody by ICE agents on May 29, 2025, detained and possibly deported pursuant to an existing removal order after appearing at an immigration court proceeding in Los Angeles. The Complaint alleges five claims for relief: (1) a due process claim under the Fifth Amendment; (2) a claim that Plaintiff's arrest, detention and possible removal violate Flores Settlement; (3) violation of the APA –Arbitrary and Capricious Agency Action (5 U.S.C. § 706(2)(A)); (4) violation of the APA – Exceeding Statutory Authority (5 U.S.C. § 706(2)(C)); and (5) violation of the APA – Constitutional Grounds (5 U.S.C. § 706(2)(B)). Plaintiff seeks a TRO to prevent the execution of the removal order, or, if Plaintiff has already been removed, an order compelling Plaintiff's return to the United States. (Complaint, Docket No. 1 at pp. 5-7.)

## II.     Discussion

Plaintiff's TRO Motion, filed on an ex parte basis, seeks a temporary restraining order and preliminary injunction to halt the execution of the removal order against him in order to prevent irreparable harm, ensure compliance with federal law, and protect Plaintiff's constitutional and humanitarian rights. (TRO Motion at p. 1.) Plaintiff argues that he has a pending guardianship action in family court that will help establish his eligibility for Special

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-5184 PA | Date | June 10, 2025 |
|---|---|---|---|
| Title | M.G.L. v. Pamela Bondi, et al. | | |

Immigrant Juvenile Status, and that his removal would irreparably interfere with this protected statutory relief. (Id.) The TRO Motion and supporting declarations also state that Plaintiff's counsel has been unable to contact Plaintiff or to confirm his location or status. (Docket Nos. 1-2 and 1-3.) Plaintiff's counsel was informed, however, on June 6, 2025 by an ICE officer at the Port Isabel Service Processing Center in Texas that Plaintiff had been transferred to an ICE detention center in Louisiana and subsequently deported. (Docket No. 1-3 at p. 4.)

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." Id. at 24; see also Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) ("[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." (citation omitted)).

In order to seek relief on an ex parte basis, the moving party is required "(a) to make reasonable, good faith efforts orally to advise counsel of all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application." L.R. 7-19.1. Where, as here, the adverse party has not received notice of the motion, the Court may issue a temporary restraining order "only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1); see also L.R. 7-19.2 (allowing for waiver of the notice requirements under L.R. 7-19.1 for a TRO motion where the requisite showing under Fed. R. Civ. P. 65(b) has been made).

A plaintiff faces an exceedingly high burden when seeking relief on an ex parte basis. See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995) (to justify ex parte relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures"). Indeed, the Ninth Circuit has stressed that "courts have recognized very few circumstances justifying the issuance of an ex parte TRO." Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006). To justify the issuance of a temporary restraining order without

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-5184 PA | Date | June 10, 2025 |
|---|---|---|---|
| Title | M.G.L. v. Pamela Bondi, et al. | | |

notice, a plaintiff ordinarily "'must do more than assert that the adverse party would dispose of evidence if given notice'" and "'must show that defendants would have disregarded a direct court order . . . within the time it would take for a hearing . . . [and] must support such assertions by showing that the adverse party has a history of disposing of evidence or violating court orders . . . .'" Id. (quoting First Tech. Safety Sys., Inc. v. Depinet, 11 F.3d 641, 650-51 (6th Cir. 1993)).

Here, Plaintiff has failed to comply with the notice requirements under Local Rule 7-19.1. There is no indication that Plaintiff has made any effort to notify Defendants or their counsel about the TRO Motion. Further, the Court concludes that waiver of the notice requirements is not appropriate in this case because Plaintiff has not made the requisite showing under Federal Rule of Civil Procedure 65(b). Plaintiff has not attempted to explain why notice should not be required in this case. Moreover, while Plaintiff offers specific facts to show that he would suffer immediate and irreparable injury, loss, or damage through removal from the United States, he fails to show that notifying Defendants would result in any additional, identifiable harm. In addition, the evidence submitted in support of the TRO Motion suggest that Plaintiff's removal has likely already occurred. If that is the case, Plaintiff's request for a TRO lacks the irreparable prejudice element altogether. Thus, because Plaintiff has failed to satisfy the notice requirements for ex parte relief and has failed to demonstrate that waiver of the notice requirements is warranted, there is no basis to conclude that Plaintiff "should be allowed to go to the head of the line in front of all other litigants and receive special treatment." Mission Power Eng'g, 883 F. Supp. at 492.

Lastly, the Court notes that Plaintiff's TRO Motion violates other provisions of the Local Rules in several respects. Rule 65-1 requires that a party seeking a TRO submit "an application, a proposed TRO, and a proposed order to show cause why a preliminary injunction should not issue. Local Rule 77-1 requires that after filing an application for a TRO, the filer "must immediately notify the courtroom deputy for the assigned judge by telephone." Here, Plaintiff failed to submit a proposed order to show cause under L.R. 65-1 or follow the notice procedure set forth in L.R. 77-1 in connection with this TRO.

Accordingly, Plaintiff's TRO Motion is denied without prejudice to refiling, provided that any future motion complies with Local Rules 65-1, 77-1 and 7-19.

## Conclusion

For all of the foregoing reasons, Plaintiff's TRO Motion is denied without prejudice.

IT IS SO ORDERED.