UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-5184 PA (MARx) | | Date | June 11, 2025 |
|---|---|---|---|---|
| Title | M.G.L. v. Pamela Bondi, et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**        IN CHAMBERS - COURT ORDER

Before the Court is the Complaint filed by plaintiff M.G.L. ("Plaintiff"), a minor child, against defendants Pamela Bondi, Kristi Noem, Todd Lyons, Houston Field Office Director, U.S. Immigration and Customs Enforcement ("ICE"), Los Angeles Field Office Director, U.S. ICE, Director, Homeland Security Investigations, and Director, Office of Refugee Resettlement (collectively "Defendants"). That Complaint alleges that Plaintiff was taken into custody by ICE agents on May 29, 2025, detained and possibly deported pursuant to an existing removal order after appearing at an immigration court proceeding with his father in Los Angeles. The Complaint alleges five claims for relief: (1) a due process claim under the Fifth Amendment; (2) a claim that Plaintiff's arrest, detention and possible removal violate Flores Settlement Agreement; (3) violation of the APA –Arbitrary and Capricious Agency Action (5 U.S.C. § 706(2)(A)); (4) violation of the APA – Exceeding Statutory Authority (5 U.S.C. § 706(2)(C)); and (5) violation of the APA – Constitutional Grounds (5 U.S.C. § 706(2)(B)). Plaintiff seeks a TRO and preliminary injunction to prevent the execution of the removal order, or, if Plaintiff has already been removed, an order compelling Plaintiff's return to the United States. (Complaint, Docket No. 1 at pp. 5-7.)

Plaintiff's second claim alleges that Defendants' actions concerning his detention violated the terms of the Flores Settlement Agreement, referring to another case that is active and been pending in this district for many years, Jenny Lisette Flores v. Pamela Bondi, et al., CV 85-4544 DMG (AGRx). The Flores Settlement Agreement concerns the government's treatment and detention of children in federal immigration custody, like Plaintiff in this case. According to the Docket in case No. CV 85-4544 DMG (AGRx), there are two other related cases pending in this district involving this same issue. The second case, Lucas R., et al. v. Alex Azar,et al, CV 18-5741 DMG (BFMx) involves claims challenging the government's practice of detaining children for alleged civil violations of the Immigration and Nationality Act. The third case, State of California, et al. v. Kevin K. McAleenan, et al., 19-7390 DMG (AGRx), now closed, was brought by a number of states, and challenged the government's 2019 Apprehension, Processing,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-5184 PA (MARx) | Date | June 11, 2025 |
|---|---|---|---|
| Title | M.G.L. v. Pamela Bondi, et al. | | |

care and Custody of Alien Minors and Unaccompanied Alien Children Rule as violative of the terms of the Flores Settlement Agreement.

Local Rule 83-1.3 provides that it "shall be the responsibility of the parties to promptly file a Notice of Related Cases whenever two of more civil cases filed in this District:  (a) arise from the same or a closely related transaction, happening, or event; (b) call for determination of the same or substantially related or similar questions of law and fact; or (c) for other reasons would entail substantial duplication of labor if heard by different judges."  Local Rule 83-1.3 also states that the Notice of Related Cases "must be filed at the time any case (including a notice of removal or bankruptcy appeal) appearing to relate to another is filed, or as soon thereafter as it reasonably should appear that the case relates to another."

Here, despite Plaintiff's reference to the Flores Settlement Agreement, Plaintiff has not filed a Notice of Related Cases, and marked "No" on the Civil Cover Sheet's question asking if this case is "related to . . . any civil or criminal case(s) previously filed in this court?"  Because this action appears to satisfy one or more of the standards for finding this action "related" to the prior actions, Plaintiff is ordered to show cause why he should not file a Notice of Related Case as required by Local Rule 83-1.3 indicating that this action is related to Case Nos. CV 85-2544 DMG (AGRx), CV 18-5741 DMG (BFMx). and 19-7390 DMG (AGRx).  Plaintiff's response to the Order to Show Cause shall be filed no later than June 25, 2025.  The filing of a Notice of Related Case shall be deemed a sufficient response to the order to show cause.  Failure to timely or adequately respond to this Order to Show Cause may result in the issuance of a second Order to Show Cause why Plaintiff and Plaintiff's counsel should not be sanctioned for failing to comply with the Court's Order and for violating Local Rule 83-1.3.

IT IS SO ORDERED.